IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0699 |
| | § | |
| DOES 1–59, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is a copyright-infringement suit involving what is known as adult entertainment.  The

plaintiff, Hard Drive Productions, Inc., alleges that 59 John Doe defendants have illegally accessed

and distributed Hard Drive's copyrighted video using an Internet peer-to-peer file-sharing program

called BitTorrent.  Hard Drive has filed an ex parte application for leave to take expedited discovery

to gain information about these 59 John Doe defendants.  (Docket Entry No. 4).  Hard Drive seeks

to subpoena their names, current and permanent addresses, telephone numbers, e-mail addresses,

and Media Access Control addresses from their Internet Service Providers ("ISPs").

This is one of a large number of similar cases filed around the country, presenting ex parte

requests for expedited discovery of identifying information about many John Doe defendants using

peer-to-peer networks to trade copyrighted media.  *See, e.g., Digital Sin, Inc. v. Does 1–176*, — F.

Supp. 2d —, 2012 WL 263491, at *1 & nn.1–2 (S.D.N.Y. 2012) (citing cases).  Some courts have

denied the ex parte applications or severed all but one of the Doe defendants.  Other courts have

granted the applications and issued orders allowing the expedited discovery to proceed to identify

the Doe defendants.  Based on the pleadings, the ex parte application, and the applicable law, this

court grants limited expedited discovery as set out below.

Hard Drive has alleged a prima facie case of infringement sufficient for purposes of this motion.  Absent a court-ordered subpoena, many of the ISPs, who qualify as "cable operators" for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of any of the putative defendants to Hard Drive.  *Id.* at *2.  Expedited discovery also is necessary to prevent the requested data from being lost as part of the ISPs' routine deletions.  Because the information will be produced under a protective order, granting Hard Drive's application will not unfairly prejudice the Doe defendants or his or her ISP.  Hard Drive has established good cause to issue a Rule 45 subpoena to the ISPs listed in Exhibit A to its complaint, (Docket Entry No. 1), to obtain the name, physical address, e-mail address, and MAC address associated with each Doe-defendant IP address, subject to the protective order.  That protective order, issued under Rule 26(c)(1) of the Federal Rules of Civil Procedure, will require any information regarding the Doe defendants released to the plaintiff by the ISPs to be treated as confidential for a limited duration, and allows the Doe defendants and the ISPs to be heard before the identifying information is disclosed to Hard Drive.  *See Digital Sin*, 2012 WL 263491, at *3–4.

Whether Does 2–59 are properly joined under Federal Rule of Civil Procedure 20(a) is questionable.  As one court has stated, in a case involving the same plaintiff:

> The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel the court to sever Does 2–130 from this case.  An internet-based copyright infringement case with at least 130 defendants would prove a logistical nightmare.  It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses.  Case management and trial of 130 such claims would be inefficient, chaotic, and expensive.

*Hard Drive Prods., Inc. v. Does 1–130*, No. C-11-3826 DMR, 2011 WL 5573960, at *4 (N.D. Cal.

Nov. 16, 2011).  In similar cases, district courts routinely sever all but the first Doe defendant.  *See,*

*e.g.*, *SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620, at \*3–5 (N.D. Cal.

Nov. 30, 2011); *Hard Drive Prods., Inc. v. Does 1–188*, 809 F. Supp. 2d 1150, 1157–65 (N.D. Cal.

2011). Other courts, including *Digital Sin*, conclude that while severance may ultimately be

appropriate, it is premature at this stage.  Hard Drive has "allege[d] that the Doe defendants were

trading the exact same file as part of the same [BitTorrent] swarm." *Digital Sin*, 2012 WL 263491,

at \*5.  Presently, Hard Drive seeks only "identifying facts necessary to permit service on Doe

defendants[.]" *MCGIP, LLC v. Does 1–18*, No. C-11-1495 EMC, 2011 WL 2181620, at \*1 (N.D.

Cal. June 2, 2011); *accord Digital Sin*, 2012 WL 263491, at \*5.  After the Doe defendants have been

identified and served, they may present information, such as different factual and legal defenses,

which would demonstrate the impropriety of permissive joinder.  At that time, the court will

consider whether severance is required.  *See Digital Sin*, 2012 WL 263491, at \*5.

For these reasons, Hard Drive's ex parte application for leave to take expedited discovery,

(Docket Entry No. 4), is granted, subject to limits and the protective order outlined below.

The court orders as follows:

- Hard Drive may serve a Rule 45 subpoena on the ISPs listed in Exhibit A to the complaint, (Docket Entry No. 1), to obtain the following information about Does 1–59: their names, current and permanent addresses, e-mail addresses, and Media Access Control addresses.  This memorandum and order must be attached to any subpoena.  No telephone numbers are to be produced.

- Each ISP must serve Does 1–59 with copies of the subpoena and this memorandum and order within 60 days after receiving the subpoena and this memorandum and order from Hard Drive.  Each ISP may serve Does 1–59 using reasonable means, including written notice sent to his or her last known address using either first-class mail or overnight service.

- Within 60 days after receiving a copy of the subpoena and this memorandum

3

and order, Does 1–59 may file any motions with this court contesting the subpoena, as well as any request to litigate the subpoena anonymously.  No ISP may turn over the Doe defendants' identifying information to Hard Drive before this 60-day period expires.  Additionally, if a Doe defendant or ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Hard Drive until this court rules on the motion and issues an order instructing the ISP to resume turning over the requested discovery.  A Doe defendant or ISP who moves to quash or modify, or to proceed anonymously, must immediately notify all ISPs so that the ISPs are on notice not to release any of the Doe defendants' contact information to Hard Drive until the court rules on such motions.

• If the 60-day period lapses without a Doe defendant or ISP contesting the subpoena, the ISPs will have 14 days to produce the subpoenaed information to Hard Drive.

• Each ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash.  Any ISP may file a motion to raise any undue burden caused by this preservation obligation.

• Each ISP must confer with Hard Drive.  The ISPs may not assess any charge in advance of providing the information requested in the subpoena.  Each ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost report to Hard Drive.

• Any information ultimately disclosed to Hard Drive in response to a Rule 45 subpoena may be used by Hard Drive only for the purpose of protecting its rights as asserted in its complaint. The information disclosed is limited to use by Hard Drive in this litigation and may not be disclosed other than to counsel for the parties.

SIGNED on March 30, 2012, at Houston, Texas.

_____
                    Lee H. Rosenthal
                    United States District Judge