

# CT Corporation

**Service of Process Transmittal**
05/18/2012
CT Log Number 520534387

TO: Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

RE: **Process Served in District of Columbia**

FOR: Comcast Cable Communications Management, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Hard Drive Productions, Inc., Pltf. vs. Does 1-59, Dfts. // To: Comcast Cable Communications Management LLC<br>*Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Subpoena, Attachment(s), Letter, Memorandum and Order |
| COURT/AGENCY: | United States District Court for the District of Columbia, DC<br>Case # 412CV00699 |
| NATURE OF ACTION: | Subpoena - Email Records - Pertaining to the IP addresses listed on the attached spreadsheet |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Washington, DC |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/18/2012 at 13:10 |
| JURISDICTION SERVED: | District of Columbia |
| APPEARANCE OR ANSWER DUE: | 10/02/2012 at 10:00 a.m. |
| ATTORNEY(S) / SENDER(S): | Paul Duffy<br>Prenda Law Inc.<br>161 N. Clark St.<br>Suite 3200<br>Chicago, IL 60601<br>312-880-9160 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 05/18/2012, Expected Purge Date: 05/23/2012<br>Image SOP |
| SIGNED: | C T Corporation System |
| PER: | Mark Diffenbaugh |
| ADDRESS: | 1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC 20005 |
| TELEPHONE: | 202-572-3133 |

Page 1 of 1 / LL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. ) <br> *Plaintiff* ) <br> v. ) <br> DOES 1-59 ) <br> ) <br> *Defendant* ) | Civil Action No. 4:12-cv-00699 <br><br> (If the action is pending in another district, state where: <br> Southern District of Texas ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records/Subpoena Compliance: Comcast Cable Communications Management LLC c/o CT Corporation System UNK; 1015 15th St NW, Suite 1000, Washington, DC 20005.

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Prenda Law <br> 2100 M St. Northwest, Ste 170-417 <br> Wahington DC 20037-1233 | Date and Time: <br> 10/02/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/17/2012

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Hard Drive Productions, Inc. , who issues or requests this subpoena, are:
Paul Duffy, Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (312) 880-9160

## SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 76.31.108.67 | 2012-02-15 18:36:11 |
| 76.31.139.189 | 2012-01-23 11:31:18 |
| 98.194.184.47 | 2011-12-21 18:57:52 |
| 98.196.91.20 | 2012-02-14 06:13:14 |
| 98.197.119.80 | 2011-12-03 16:47:28 |
| 98.197.64.129 | 2012-02-01 22:27:42 |
| 98.199.168.220 | 2011-12-13 06:12:26 |
| 98.200.99.161 | 2012-02-09 10:53:34 |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



Prenda Law Inc.
Protecting Intellectual Property

May 17, 2012

**Via Hand Delivery**

    Re:    *Hard Drive Production, Inc. v. Does 1-59*
             4:12-cv-00699

Dear Custodian of Records:

    Enclosed, please find a subpoena and attachment issued in the above-referenced matter, which is currently pending in the United States District Court for the Southern District of Texas, Houston Division. Specifically, our client is requesting identifying information with respect to subscriber(s) who were associated with IP addresses controlled by your organization at a given date and time. In our subpoena, we have included the IP address, Time, and Time Zone in our search requests.

    We regularly receive requests from Internet Service Providers for electronic copies of the enclosed documents, which we are pleased to fulfill. To receive these documents please e-mail your request to our office at the following e-mail address:

        subpoena@wefightpiracy.com

    If you have any other questions or concerns regarding this request please direct them to the above e-mail address or feel free to call our offices directly at 312-344-3207. We will do everything in our power to minimize the burden imposed on your organization associated with our request.

Sincerely,

*Prenda Law Inc. Subpoena Team*

Fax: 312.893.5677    161 N Clark St., Suite 3200, Chicago, IL 60601    Tel: 312.880.9160
Fax: 305.748.2103    1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139    Tel: 305.397.8558

www.wefightpiracy.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-0699 |
| § | |
| DOES 1–59, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This is a copyright-infringement suit involving what is known as adult entertainment. The plaintiff, Hard Drive Productions, Inc., alleges that 59 John Doe defendants have illegally accessed and distributed Hard Drive's copyrighted video using an Internet peer-to-peer file-sharing program called BitTorrent. Hard Drive has filed an ex parte application for leave to take expedited discovery to gain information about these 59 John Doe defendants. (Docket Entry No. 4). Hard Drive seeks to subpoena their names, current and permanent addresses, telephone numbers, e-mail addresses, and Media Access Control addresses from their Internet Service Providers ("ISPs").

This is one of a large number of similar cases filed around the country, presenting ex parte requests for expedited discovery of identifying information about many John Doe defendants using peer-to-peer networks to trade copyrighted media. *See, e.g., Digital Sin, Inc. v. Does 1–176*, — F. Supp. 2d —, 2012 WL 263491, at *1 & nn.1–2 (S.D.N.Y. 2012) (citing cases). Some courts have denied the ex parte applications or severed all but one of the Doe defendants. Other courts have granted the applications and issued orders allowing the expedited discovery to proceed to identify the Doe defendants. Based on the pleadings, the ex parte application, and the applicable law, this

court grants limited expedited discovery as set out below.

Hard Drive has alleged a prima facie case of infringement sufficient for purposes of this motion. Absent a court-ordered subpoena, many of the ISPs, who qualify as "cable operators" for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of any of the putative defendants to Hard Drive. *Id.* at *2. Expedited discovery also is necessary to prevent the requested data from being lost as part of the ISPs' routine deletions. Because the information will be produced under a protective order, granting Hard Drive's application will not unfairly prejudice the Doe defendants or his or her ISP. Hard Drive has established good cause to issue a Rule 45 subpoena to the ISPs listed in Exhibit A to its complaint, (Docket Entry No. 1), to obtain the name, physical address, e-mail address, and MAC address associated with each Doe-defendant IP address, subject to the protective order. That protective order, issued under Rule 26(c)(1) of the Federal Rules of Civil Procedure, will require any information regarding the Doe defendants released to the plaintiff by the ISPs to be treated as confidential for a limited duration, and allows the Doe defendants and the ISPs to be heard before the identifying information is disclosed to Hard Drive. *See Digital Sin,* 2012 WL 263491, at *3–4.

Whether Does 2–59 are properly joined under Federal Rule of Civil Procedure 20(a) is questionable. As one court has stated, in a case involving the same plaintiff:

> The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel the court to sever Does 2–130 from this case. An internet-based copyright infringement case with at least 130 defendants would prove a logistical nightmare. It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial of 130 such claims would be inefficient, chaotic, and expensive.

*Hard Drive Prods., Inc. v. Does 1–130,* No. C-11-3826 DMR, 2011 WL 5573960, at *4 (N.D. Cal.

Nov. 16, 2011). In similar cases, district courts routinely sever all but the first Doe defendant. *See, e.g., SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620, at *3–5 (N.D. Cal. Nov. 30, 2011); *Hard Drive Prods., Inc. v. Does 1–188*, 809 F. Supp. 2d 1150, 1157–65 (N.D. Cal. 2011). Other courts, including *Digital Sin*, conclude that while severance may ultimately be appropriate, it is premature at this stage. Hard Drive has "allege[d] that the Doe defendants were trading the exact same file as part of the same [BitTorrent] swarm." *Digital Sin*, 2012 WL 263491, at *5. Presently, Hard Drive seeks only "identifying facts necessary to permit service on Doe defendants[.]" *MCGIP, LLC v. Does 1–18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011); *accord Digital Sin*, 2012 WL 263491, at *5. After the Doe defendants have been identified and served, they may present information, such as different factual and legal defenses, which would demonstrate the impropriety of permissive joinder. At that time, the court will consider whether severance is required. *See Digital Sin*, 2012 WL 263491, at *5.

For these reasons, Hard Drive's ex parte application for leave to take expedited discovery, (Docket Entry No. 4), is granted, subject to limits and the protective order outlined below.

The court orders as follows:

- Hard Drive may serve a Rule 45 subpoena on the ISPs listed in Exhibit A to the complaint, (Docket Entry No. 1), to obtain the following information about Does 1–59: their names, current and permanent addresses, e-mail addresses, and Media Access Control addresses. This memorandum and order must be attached to any subpoena. No telephone numbers are to be produced.

- Each ISP must serve Does 1–59 with copies of the subpoena and this memorandum and order within 60 days after receiving the subpoena and this memorandum and order from Hard Drive. Each ISP may serve Does 1–59 using reasonable means, including written notice sent to his or her last known address using either first-class mail or overnight service.

- Within 60 days after receiving a copy of the subpoena and this memorandum

3

and order, Does 1–59 may file any motions with this court contesting the subpoena, as well as any request to litigate the subpoena anonymously. No ISP may turn over the Doe defendants' identifying information to Hard Drive before this 60-day period expires. Additionally, if a Doe defendant or ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Hard Drive until this court rules on the motion and issues an order instructing the ISP to resume turning over the requested discovery. A Doe defendant or ISP who moves to quash or modify, or to proceed anonymously, must immediately notify all ISPs so that the ISPs are on notice not to release any of the Doe defendants' contact information to Hard Drive until the court rules on such motions.

- If the 60-day period lapses without a Doe defendant or ISP contesting the subpoena, the ISPs will have 14 days to produce the subpoenaed information to Hard Drive.

- Each ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Any ISP may file a motion to raise any undue burden caused by this preservation obligation.

- Each ISP must confer with Hard Drive. The ISPs may not assess any charge in advance of providing the information requested in the subpoena. Each ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost report to Hard Drive.

- Any information ultimately disclosed to Hard Drive in response to a Rule 45 subpoena may be used by Hard Drive only for the purpose of protecting its rights as asserted in its complaint. The information disclosed is limited to use by Hard Drive in this litigation and may not be disclosed other than to counsel for the parties.

SIGNED on March 30, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge