IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-0699 |
| DOES 1–59, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

The plaintiff, Hard Drive Productions, Inc., filed this lawsuit against 59 John Doe defendants. Hard Drive alleged that the Doe defendants illegally accessed and distributed Hard Drive's copyrighted video using an Internet peer-to-peer file-sharing program called BitTorrent. Hard Drive filed an ex parte application for leave to take expedited discovery to gain information about the Doe defendants. (Docket Entry No. 4). Hard Drive sought to subpoena their names, physical addresses, e-mail addresses, and Media Access Control ("MAC") addresses from their Internet Service Providers ("ISPs"). This court granted the motion on March 30, 2012, subject to limits and a protective order. (Docket Entry No. 5). Hard Drive subsequently issued Rule 45 subpoenas from the United States District Court for the Northern District of Illinois and from the United States District Court for the District of Columbia on the Doe defendants' ISPs. (Docket Entry No. 10, Exs. A–B, ISP Subpoenas).

On August 17, 2012, counsel for an individual claiming to be an account holder filed a motion in this court challenging the subpoena of his ISP and joinder of the defendants. The movant filed under the name John Doe # 10, or, in other words, the defendant "known only as the tenth

internet protocol address ('IP address') listed in Plaintiff's Complaint, 68.191.216.126." (Docket Entry No. 14). Doe # 10 sought to quash the subpoena as abusive and joinder as improper. Doe # 10 also sought this court's permission to litigate the subpoena anonymously. (*Id.*)

Hard Drive responded. (Docket Entry No. 18). Hard Drive argued that Doe # 10 sought relief in the wrong court. Because Hard Drive had the subpoenas issued from a federal district court in Illinois, Hard Drive argued that only that court had jurisdiction to consider Doe # 10's motion to quash. Second, Hard Drive argued that Doe # 10 lacks standing to challenge the subpoenas because they were issued to the ISP. Finally, Hard Drive argued that Doe # 10's motion should be denied on the merits because the subpoena was not abusive and joinder was proper, particularly at this early stage of the litigation.

Doe # 10 replied. (Docket Entry No. 19). He argued first that the attorney who issued the subpoena was not licensed in the Southern District of Texas and not authorized to issue the subpoena in the Northern District of Illinois. Doe # 10 also argued that this court could decide the motion to quash because its order authorizing the subpoena "specifically authorized the motion in this Court" and that he had standing to challenge the subpoena because it sought to uncover his "privileged and/or confidential" personal information. (*Id.* at 2, 4). Finally, Doe # 10 argued that whether this case was in its early phases was irrelevant to joinder and that this court may sever parties or claims at any time. (*Id.* at 3). Hard Drive filed a surreply based on Federal Rule of Civil Procedure 45(a)(3) to address Doe # 10's argument that the subpoena was issued by a lawyer who lacked authority to do so. (Docket Entry No. 20).

Based on the motion and responses, this court's previous order, and the relevant law, this court denies Doe # 10's motion to quash, without prejudice to its reassertion in the Northern District

of Illinois. The motion to quash is denied only because this court is not the proper court to decide the motion. The court will modify the protective order already in place to allow Doe # 10 to litigate his motion to quash in the proper forum before any release of his identifying information to Hard Drive. Doe # 10's motion to sever is denied without prejudice in light of this court's previous order.

The reasons for these rulings are set out below.

## I.   Analysis

### A.   The Proper Court to Decide the Motion to Quash

Rule 45 states that "[o]n timely motion, *the issuing court* must quash or modify a subpoena" under certain circumstances and "*the issuing court* may, on motion, quash or modify the subpoena" under other circumstances. FED. R. CIV. P. 45(c)(3)(A), (c)(3)(B) (emphasis added). Courts applying Rule 45 follow the "general rule that only the issuing court may modify or quash a subpoena." *Vilma v. Goodell*, 2012 WL 4926993, at *2 (E.D. La. Oct. 16, 2012); *see also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas."); *Wells v. GC Servs. LP*, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007) ("[T]his court is not the proper court to quash or modify the subpoenas, which all issued from other courts."); *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 893 (S.D. Ind. 2006) (stating that a court sitting in the district where the subpoena was issued and where responsive documents are located is the "proper forum to rule on a motion to enforce the subpoena duces tecum" (citation omitted)); *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990) ("With respect to non-parties and the enforcement of a Rule 45, Fed. R. Civ. P. subpoena, the Court which issues the subpoena is the proper forum for ruling on motions to compel."); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 69 (M.D.N.C. 1986) ("Rule 45 specifically provides that objections to subpoenas be considered by the

issuing court."); 9A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed. 2008) ("Under Rule 45 as it currently reads, motions to quash, modify, or condition the subpoena are made in the district court in the district from which the subpoena issued. This is quite logical since it is the issuing court that has the needed jurisdiction to enforce the subpoena, and therefore is the logical forum for altering its terms or rendering it nugatory."). Nor does Rule 45 "offer secure support for an issuing court to transfer a motion to quash or compel subpoenas to another court." *Dow Chem. Canada, Inc. v. HRD Corp.*, 2010 WL 2680641, at *3 (S.D. Tex. July 2, 2010).

The subpoena in this case was issued in the federal district court in the Northern District of Illinois. That is the proper court to consider Doe # 10's motion to quash. Nothing in the record favors departure from this general rule. This court's prior order stated that "Does 1–59 may file any motion with this court contesting the subpoena," (Docket Entry No. 5, at 4), but that could, and did, refer to challenges to any subpoena issued in this district. This court's previous order did not require Hard Drive to issue subpoenas only in this district. The order cannot override Rule 45's general limit that only the issuing court may consider a motion to quash.

The court will amend its previous order to allow Doe # 10 to file his motion to quash in the proper forum before any release of his identifying information to Hard Drive.

### B. The Motion to Sever

Doe # 10 also argues that the remaining Doe defendants should be severed because they were improperly joined. He argues that "[t]he Doe Defendants' individual and separate alleged reproductions of Plaintiff's pornographic material occurring over a period of three months do not satisfy" the federal permissive-joinder rule, FED. R. CIV. P. 20(a)(2). (Docket Entry No. 14, at 8). In its order on expedited discovery, this court considered this joinder issue and noted that "[w]hether

Does 2–59 are properly joined under Federal Rule of Civil Procedure 20(a) is questionable." (Docket Entry No. 5, at 2).  After careful consideration, however, this court declined to consider whether severance is required until "[a]fter the Doe defendants have been identified and served" and have "present[ed] information, such as different factual and legal defenses." (*Id.* at 3).

The defendants have not yet been identified.  Doe # 10's motion does not yet present specific "factual and legal defenses" unique to him or any other defendant.  Doe # 10 refers this court to a number of similar cases in which the courts severed unidentified defendants because "an alleged BitTorrent 'swarm' does not satisfy the requirements for permissive joinder." (Docket Entry No. 14, at 8 (citing, *inter alia*, *K-Beech, Inc. v. John Does 1–41*, 2012 WL 773683 (S.D. Tex. Mar. 8, 2012); *Hard Drive Prods., Inc. v. Does 1–188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011))).  In its previous order, this court recognized that "[i]n similar cases, [some] district courts routinely sever all but the first Doe defendant." (Docket Entry No. 5, at 3 (citing *SBO Pictures, Inc. v. Does 1–3036*, 2011 WL 6002620, at *3–5 (N.D. Cal. Nov. 30, 2011); *Hard Drive v. Does 1–188*, 809 F. Supp. 2d at 1157–65)).  Doe # 10's motion to sever is not appropriately considered at this time because the record does not yet present the facts and circumstances necessary to decide the issue. Doe # 10's motion to sever is denied without prejudice.

## II.     Conclusion

Doe # 10's motions to quash and to sever are denied without prejudice.  The court's previous order on expedited discovery is modified as follows:

The court orders as follows:

- Hard Drive may serve a Rule 45 subpoena on the ISPs listed in Exhibit A to the complaint, (Docket Entry No. 1), to obtain the following information about Does 1–59: their names, current and permanent addresses, e-mail addresses, and Media Access Control addresses. This memorandum and order must be attached to any subpoena. No telephone numbers are to be produced.

- Each ISP must serve Does 1–59 with copies of the subpoena and this memorandum and order within 60 days after receiving the subpoena and this memorandum and order from Hard Drive. Each ISP may serve Does 1–59 using reasonable means, including written notice sent to his or her last known address using either first-class mail or overnight service.

- Within 60 days after receiving a copy of the subpoena and this memorandum and order, Does 1–59 may file any motions contesting the subpoena in the court from which the subpoena issues, as well as any request to litigate the subpoena anonymously. No ISP may turn over the Doe defendants' identifying information to Hard Drive before this 60-day period expires. Additionally, if a Doe defendant or ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Hard Drive until the appropriate court rules on the merits of the motion and issues an order instructing the ISP to resume turning over the requested discovery. A Doe defendant or ISP who moves to quash or modify, or to proceed anonymously, must immediately notify all ISPs so that the ISPs are on notice not to release any of that Doe defendant's contact information to Hard Drive until the appropriate court rules on such motions.

- If the 60-day period lapses without a Doe defendant or ISP contesting the subpoena, the ISPs will have 14 days to produce the subpoenaed information to Hard Drive.

- Each ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Any ISP may file a motion to raise any undue burden caused by this preservation obligation.

- Each ISP must confer with Hard Drive. The ISPs may not assess any charge in advance of providing the information requested in the subpoena. Each ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost report to Hard Drive.

- Any information ultimately disclosed to Hard Drive in response to a Rule 45 subpoena may be used by Hard Drive only for the purpose of protecting its

rights as asserted in its complaint. The information disclosed is limited to use by Hard Drive in this litigation and may not be disclosed other than to counsel for the parties.

SIGNED on November 19, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge